## CLOVIS H. BOWEN v. SMITH A. STEERE, Executor.

A party to a reference cannot object to the report, that he was surprised by a ground of defence taken at the hearing before the referees, and was unprepared to meet it by proof, if at the hearing he did not ask for delay; but by going on, notwithstanding his surprise, is deemed to have completely waived it.

A report of referees will not be set aside and a new trial before the referees ordered, on account of the discovery of new and further evidence which is cumulative only and not controlling in its character, especially when the effect will be to delay the settlement of the estate of a deceased person.

An avowal by a referee, after his appointment and before the hearing, of an opinion adverse to the claim submitted to him, is good cause not only to set aside his report, but to discharge the rule appointing him; the court requiring in referees the judicial attribute of impartiality, unless indeed the parties have agreed to waive it.

THIS was a claim of $3,000, made by Clovis H. Bowen, a son-in-law of the late Anthony Steere, of Gloucester, against the executor of his estate, for services, during a period of nearly

ten years, rendered to the testator in the management, sale, and disposal of his considerable real estate. The claim had been submitted, under a rule out of this court, obtained upon the joint petition of the claimant and the executor, to the arbitrament of Asa Winsor, Thomas Cutler, and Martin A. Smith, as referees, who had been selected by the executor from a list of persons handed by the claimant to him for that purpose; and there was no evidence tending to show that both did not, at the time of their selection, consider them fair and impartial referees. After a hearing in the village of Chepachet, at which both parties were present, and in which the testimony of the claimant was received in support of his claim, two of the referees, Winsor and Cutler, concurred in a report awarding to the claimant the sum of $600 in full of this whole claim. Upon the presentment of the report at this term for reception and confirmation, — motions were made by the claimant, — one, that the report be recommitted to the referees, because he was surprised at the hearing by the denial of his agency, and had discovered, since the hearing, new and further evidence in proof of it and of his services, — and the other, that the rule be discharged, on the ground that, although the referees were not corrupt, two of them, Smith and Cutler, had formed and expressed opinions adverse to his claim, after their appointment as referees, and before the hearing.

The substance of the affidavits, in support of these motions, are sufficiently stated in the opinion of the court.

*G. H. Browne*, for the motions.

*B. N. Lapham*, against them.

Ames, C. J. The motion to recommit finds no sufficient support in the affidavits which accompany it, either upon the ground of surprise, or of the discovery of new and further evidence. If the claimant was surprised by the denial of his agency for the deceased, and was unprepared to meet it by proof, he should have applied for further time to the referees; who, whether he was entitled to delay or not, would, probably, have granted it to him. By going on, without asking for time, he completely waived his right to it; and his election, once made, cannot now, to the injury of the other party, be recalled, even

though, in consequence, the report is not all that he might desire.

The affidavits disclose the discovery of no new and further evidence in such sense as to entitle the claimant to a rehearing; but, at most, that having been a witness himself to his employment by the testator, and to the particulars and value of his services, and having adduced other evidence upon these points in confirmation of his own, he has since the hearing ascertained that there is other evidence to be found cumulative to this, and which, considering the nature of his claim, is not controlling in its character. If, indeed, his own testimony should be excluded, as upon a new hearing it ought to be, from the attention of the referees, it is very doubtful whether, even with the newly discovered evidence, his case would not stand in a worse plight, in matter of proof, before them, than it did at the former hearing. Under such circumstances we cannot longer delay the settlement of a large estate by allowing this motion.

The motion to discharge the rule altogether, upon the ground that two of the referees after their appointment, and before they had heard the case of the claimant, expressed opinions unfavorable to it, demands, on account of the nature of the cause alleged, the careful consideration of the court. Whilst in modern times courts have been more liberal in overlooking honest errors in referees and arbitrators, and mere defects of form in their reports and awards, they have been more strict in requiring from them the integrity and impartiality which belong to the judicial character. *Cleland & others* v. *Hedly*, 5 R. I. Rep. 163; *Strong* v. *Strong*, 9 Cush. 573. The partiality betrayed by the expression of an opinion by a referee for or against the case of either party before he has heard it, would, unless the parties had agreed to waive impartiality in the tribunal selected by them, be a good cause to invalidate his report, and to discharge the rule which appointed him. Under such circumstances the court would be bound to presume, notwithstanding the referee swore that his prejudice did not sway him, that the report was not the result of his fair and deliberate judgment, but of preconceptions, which placed him beyond the

influence of both law and fact. *Fox* v. *Hazleton*, 10 Pick. 275; *Boston Water Power Co.* v. *Gray*, 6 Met. 169.

There is nothing in this case to indicate that the parties did not intend to submit their controversy to the arbitrament of impartial as well as of uncorrupt referees; and were we satisfied by the proof that either had in this respect been deceived, we should have no hesitation, upon his request, in freeing him from the partial judges, as well as from the partial judgment of his cause. The affidavits submitted to us do not, however, satisfy us that the claimant has suffered from, or been exposed to, the injustice of which he complains. There are but two affiants who support this motion: one swearing to the declarations made by one of the referees, which impeach his impartiality, and the other, to similar declarations made by one of the two others. Each of the referees impeached, explicitly denies under oath the charge made against him; and in addition to the fact that one of the affiants does not pretend to give the language of the referee, in the conversation with him to which he swears, but merely his inference from it, it would hardly do to consider the evidence, under such circumstances, in a better position for the motion than balanced; especially when we recollect that the referees were nominated by the claimant and selected by the respondent as just, uncorrupt, and impartial men.

In a balance of proof, the party moving can take nothing by his motion; and we must, for these reasons, overrule both the motions made to us, and order judgment to be entered confirming the report.